UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __26 Bel Air Avenue, Cherry Hill, NJ 08084__

Address of Defendant: __932 Merion Square, Gladwyne, PA 19035__

Place of Accident, Incident or Transaction: __Philadelphia Institute of Cosmetic Surgery, 15 N. Presidential Blvd., Bala Cynwyd, PA__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) __Medical Malpractice__

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/22/15__   __Aaron J. Freiwald__   __78028__
                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Angela Bonizio | : | CIVIL ACTION |
| v. | : | |
| Zaki Ftaiha, M.D., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( x )

| 9/22/15 | Aaron J. Freiwald, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 875-8000 | (215) 875-8575 | ajf@freiwaldlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>Angela Bonizio | DEFENDANTS<br>Zaki Ftaiha, M.D., Philadelphia Institute of Cosmetic Surgery and Z.S.F., Inc. |
|---|---|
| (b) County of Residence of First Listed Plaintiff   Cherry Hill, NJ<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Bala Cynwyd, PA<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Aaron J. Freiwald, Esquire<br>Freiwald Law, P.C., 1500 Walnut Street, 18th Fl., Phila., PA 19102 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☒ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC § 1332
Brief description of cause:
Medical Malpractice

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/22/2015
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA BONIZIO<br>26 Bel Air Avenue<br>Cherry Hill, New Jersey 08084<br>　　　　Plaintiff,<br><br>v.<br><br>ZAKI FTAIHA, M.D.<br>932 Merion Square<br>Gladwyne, Pennsylvania 19035<br><br>PHILADELPHIA INSTITUTE OF<br>COSMETIC SURGERY<br>15 N. Presidential Boulevard<br>Suite 200<br>Bala Cynwyd, Pennsylvania 19004<br><br>Z.S.F., INC.<br>15 N. Presidential Boulevard<br>Suite 200<br>Bala Cynwyd, Pennsylvania 19004<br>　　　　Defendants | No.<br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.  PARTIES

1.  Plaintiff Angela Bonizio is an adult citizen of the state of New Jersey who resides at 26 Bel Air Avenue, Cherry Hill, New Jersey.

2.  Defendant Philadelphia Institute of Cosmetic Surgery is a medical provider who, at all relevant times, maintained professional offices at 15 N. Presidential Boulevard, Suite 200, Bala Cynwyd, Pennsylvania.  <u>Plaintiff is asserting a professional liability claim against this Defendant</u>.

3.  Defendant Zaki Ftaiha, M.D. is a physician, specializing in cosmetic surgery, with

1

a professional office address at 15 N. Presidential Boulevard, Suite 200, Bala Cynwyd, Pennsylvania and resides at 932 Merion Square, Gladwyne, Pennsylvania. <u>Plaintiff is asserting a professional liability claim against this Defendant</u>.

4. Defendant ZSF, Inc. is a medical provider who, at all relevant times, maintained professional offices at 15 N. Presidential Boulevard, Suite 200, Bala Cynwyd, Pennsylvania. <u>Plaintiff is asserting a professional liability claim against this Defendant</u>.

5. At all relevant times, Dr. Ftaiha was an agent, ostensible agent, servant, employee and/or shareholder of Defendants Philadelphia Institute of Cosmetic Surgery and Z.S.F., Inc.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this case based upon diversity pursuant to 28 U.S.C. §1332(a)(1) as Plaintiff is a citizen of New Jersey and Defendants are citizens of Pennsylvania and the amount is controversy is in excess of $75,000.

7. Pursuant to 28 U.S.C. §1391(b)(2), a plaintiff may bring suit in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

8. Venue is proper as a substantial part of the actions and/or omissions giving rise to this action occurred in the Eastern District of Pennsylvania.

## III.   RELEVANT FACTS

9. In or around 2006, Plaintiff received an implant in her left breast at Defendant Philadelphia Institute of Cosmetic Surgery performed by Dr. Richard Dolsky due to a significant size difference in her breasts.

10. In the fall of 2013, Plaintiff felt a "pop" in her left breast.

11. Plaintiff attempted to return to Dr. Dolsky, but learned that he was no longer in the practice and that Defendant Dr. Zaki Ftaiha had taken over the practice at Defendants Philadelphia Institute of Cosmetic Surgery and Z.S.F., Inc.

12. Plaintiff Bonizio saw Defendant Ftaiha at Defendant's Philadelphia Institute of Cosmetic Surgery and Z.S.F., Inc. with complaints of a "pop" in her left breast.

13. Defendant Dr. Ftaiha told Plaintiff that her left implant had ruptured and needed to be removed.

14. On or about September 24, 2013, Defendant Dr. Ftaiha referred Plaintiff for a mammogram.

15. The mammogram report indicated that that Plaintiff's implant was not ruptured and stated, "Left breast implant is intact without evidence of rupture."

16. However, Dr. Ftaiha convinced Plaintiff that the left implant *was* ruptured and needed to be removed.

17. Defendant Ftaiha assured Plaintiff that the surgery to remove the ruptured implant would be covered under warranty because the implant should not have ruptured.

18. Defendant Ftaiha, in addition to recommending that Plaintiff have the left implant replaced, recommended that Plaintiff receive an implant in her right breast as well.

19. Defendant also recommended Plaintiff undergo a right breast reduction along with the insertion of the right implant.

20. Defendant Ftaiha told Plaintiff that if she elected not to receive a right implant, her left breast would look different from her right breast over time.

21. Based upon Defendant Ftaiha's recommendation, on or about October 11, 2013, Plaintiff had her left implant, that she was told was ruptured, removed and replaced and a right implant was also inserted as well as a right breast reduction.

22. After Defendant Ftaiha completed the surgery, Defendant told Plaintiff that her left implant had not been ruptured and, therefore, was not covered under warranty.

23. Defendant Ftaiha required Plaintiff to pay the full price for the replacement of her left breast implant.

24. On or about October 15, 2013, Plaintiff returned to Defendant's Philadelphia Institute of Cosmetic Surgery and Z.S.F., Inc. for a follow-up appointment with Defendant Ftaiha.

25. During the follow-up appointment, Plaintiff complained of swelling and pain in her right breast.

26. Defendant Ftaiha removed the bandages from Plaintiff's right breast, which showed her breast was red, swollen and infected.

27. Despite signs of infection and necrosis in her right breast, Defendant Ftaiha sent Plaintiff home and set up another follow-up appointment.

28. On or about October 17, 2013, Plaintiff was seen by Defendant Ftaiha for a follow-up appointment.

29. On October 21, 2013, Defendant Ftaiha noted that Plaintiff was "still healing" and that the "contusion changed to green and yellow."

30. On October 25, 2013, Defendant Ftaiha noted that Plaintiff was "doing better" and prescribed Plaintiff Percocet.

31. On November 1, 2013, Defendant Ftaiha changed Plaintiff's dressing.

32. Throughout each follow-up visit with Defendants, Plaintiff continued to have increased pain and swelling in her right breast and her breast continued to show increasing signs of infection.

33. On November 15, 2013, Plaintiff returned to Defendant's Philadelphia Institute of Cosmetic Surgery, Z.S.F., Inc. and Dr. Ftaiha.

34. At this visit, Defendant Ftaiha removed the bandage from Plaintiff's right breast and observed that part of her breast around the nipple area had turned black, which was evidence of necrosis.

35. Defendant Ftaiha used surgical scissors to debride the necrosis from Plaintiff's nipple area, which involved cutting off a portion of Plaintiff's right nipple.

36. This procedure left an open and exposed area of Plaintiff's right breast, which made her more susceptible to worsening infection.

37. Defendant then gave Plaintiff antibiotics and an opened bottle of rubbing alcohol, which Defendant filled with another liquid and instructed Plaintiff to rub the liquid on her open breast wound at home.

38. Plaintiff's right breast continued to be swollen, painful and infected.

39. On December 23, 2013, Plaintiff was rushed to the emergency room at Virtua Hospital where she was diagnosed with septic shock and cellulitis of the right breast.

40. At Virtua Hospital, Plaintiff underwent emergency surgery of her right breast to remove the implant.

41. The operative report from Virtua Hospital noted that there was "erythema over the whole inferior breast as well as necrosis of the nipple itself."

42. The operative report also noted that the right implant was removed "with copious amounts of purulent material."

43. In addition, the report stated that "the implant was in the breast tissue, it was not underneath the muscle."

44. Plaintiff was also diagnosed with a hematoma and abscess in her right breast.

45. The method of placing the implant inside of the breast tissue leaves the patient more susceptible to infection and is not an accepted method of implant insertion.

46. Plaintiff remained in Virtua Hospital for several days where she received treatment for infection related to her right breast surgery performed by Defendants.

47. Plaintiff was required to undergo additional surgeries in an attempt to fix the damage caused by Defendants' negligence.

48. Plaintiff underwent reconstructive surgery on or about January 20, 2015 where the physician noted that Plaintiff "previously had a severe infection of the right breast leading to soft tissue loss with volume depletion and extensive scarring."

49. As a result of Defendants' failure to adequately perform the implant surgery and failure to properly diagnose and treat Ms. Bonizio's infection, she sustained serious injuries including, but not limited to:

   a. scarring;

   b. disfigurement;

   c. the need for additional medical treatment;

   d. the need for additional surgeries;

   e. medical costs for treatment;

   f. loss of income;

   g. loss of earning capacity;

   h. emotional injuries;

   i. loss of life's pleasures;

   j. loss of marital relationship;

   k. physical pain and suffering;

   l. risk for future medical complications;

   m. mental anguish;

   n. anxiety;

   o. depression; and

   p. sepsis.

## COUNT ONE: NEGLIGENCE
**Plaintiff Angela Bonizio v. Philadelphia Institute of Cosmetic Surgery and Z.S.F. Inc.**

50. The preceding paragraphs are incorporated by reference as though set forth here in their entirety.

51. Defendants Philadelphia Institute of Cosmetic Surgery and Z.S.F., Inc. are directly and indirectly liable for the conduct of its agents and employees, including Defendant Ftaiha.

52. Defendants Philadelphia Institute of Cosmetic Surgery and Z.S.F., Inc. were negligent as follows:

  a. Negligently reading Plaintiff's mammogram prior to implant surgery on October 11, 2013;

  b. Failing to perform the implant surgery on October 11, 2013 according to the standard of care;

  c. Negligently placing the implant inside the breast tissue;

  d. Failing to perform proper follow-up care following surgery;

  e. Failing to diagnose infection;

  f. Failing to properly treat infection;

  g. Failing to have proper procedures in place for breast implant surgery;

  h. Failing to take timely action to treat Plaintiff's infection;

  i.  Failing to remove the right implant upon signs of infection;

  j.  Failing to train its employees regarding proper post-operative care; and

  k.  Failing to hire competent physicians, including Dr. Ftaiha.

53. The negligence of Defendants was a substantial factor and a legal cause of the injuries and losses Plaintiff Angela Bonizio has suffered and will suffer in the future.

**COUNT TWO: NEGLIGENCE**
**Plaintiff Angela Bonizio v. Zaki Ftaiha, M.D.**

54. The preceding paragraphs are incorporated by reference as though set forth here in their entirety.

55. Defendant Zaki Ftaiha, M.D. was negligent as follows:

  a.  Negligently reading Plaintiff's mammogram prior to implant surgery on October 11, 2013;

  b.  Failing to inform Plaintiff that her left breast implant was not ruptured and did not require removal and replacement;

  c.  Negligently performing the implant surgery on or about October 11, 2013;

  c.  Failing to insert the implant behind Plaintiff's breast muscle;

  d.  Failing to perform proper follow-up care following surgery;

  e.  Failing to diagnose infection;

  f.  Failing to properly treat infection;

  g.  Failing to remove right implant upon signs of infection;

      h.      Negligently treating of Plaintiff's breast infection;

      i.      Negligently debriding Plaintiff's right nipple;

      j.      Failing to treat Plaintiff's infection in a timely manner; and

      k.      Negligently instructing Plaintiff to treat the infection with an open bottle of rubbing alcohol.

56. The negligence of Defendant was a substantial factor and a legal cause of the injuries and losses Plaintiff Angela Bonizio has suffered and will suffer in the future.

## COUNT THREE: FRAUD
**Plaintiff Angela Bonizio v. All Defendants**

57. The preceding paragraphs are incorporated by reference as though set forth here in their entirety.

58. Defendants made knowingly false statements about Plaintiff's September 26, 2013 mammogram results when Defendants told Plaintiff that her left breast implant had ruptured.

59. Defendants expressly represented to Plaintiff that her left implant was ruptured and needed to be surgically removed and replaced with a new implant.

60. Defendants expressly represented to Plaintiff that because her implant was ruptured, the removal and replacement would be covered under warranty and would be free of charge to Plaintiff.

61. Plaintiff relied on Defendants' false statements in consenting to the removal and replacement of her left breast implant.

62. However, Plaintiff's left implant *was not* ruptured and therefore, was not covered under warranty.

63. Defendants made the statement that Plaintiff's implant was ruptured knowing that it was false and that her implant did not need to be removed.

64. Defendants made this false statement with the intention that Plaintiff would rely on the statement so that Defendants could profit financially by performing the removal and replacement surgery.

65. Plaintiff would not have had the removal and replacement surgery if the Defendants had not made its false statement.

66. Plaintiff also would not have elected to have an implant inserted into her right breast if Defendants had not induced her to believe that she needed surgery on the left breast implant.

67. Plaintiff's reliance on the false statement of Defendants caused her to suffer the severe injuries and losses more fully described herein.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands compensatory and punitive damages, in excess of the arbitration limits, against all Defendants, who are jointly and severally liable for the reasons set forth above.

                                                **FREIWALD LAW, P.C.**

By: _____
      AARON J. FREIWALD, ESQUIRE
      LAURA E. LAUGHLIN, ESQUIRE
      Counsel for the Plaintiff

Dated: September 22, 2015